14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Dennis W. HIGHTOWER, Defendant/Appellant.
 No. 93-2554.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 21, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Dennis W. Hightower pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). He was sentenced to 87 months of imprisonment followed by three years of supervised release. On appeal, he challenges the district court's enhancement of his base offense level for obstruction of justice. U.S.S.G. Sec. 3C1.1.
 
 
 2
 The relevant events occurred during Hightower's release on bond after being charged for putting a gun to his girlfriend's head and threatening to kill her. For one to two weeks following his release from state custody, Hightower's girlfriend, Michelle Douglas, described their relationship as cordial. Hightower told Douglas that either she would have to lie or he would go back to jail, and that if they were married, she would be a hostile witness to the state prosecution. He also told her that he wanted to kill her, and referenced his prior victim, whose death resulted in Hightower's voluntary manslaughter conviction.
 
 
 3
 Thereafter, Hightower asked Douglas to marry him but she refused. During the following week, Douglas found her gas line, telephone line, television antennae, and four automobiles tires cut, her waterbed sliced, and her plants thrown all over her house. During that same period, Hightower knocked out Douglas's front window, demanding to be let in and telling her "you are dead." He also left a note at her house, stating "either we talk or you pay the price," and chased her through town in his truck.
 
 
 4
 We review a finding of obstruction of justice for clear error and will reverse only if we are left with a "definite and firm conviction that a mistake has been committed." United States v. Kaufmann, 985 F.2d 884, 899 (7th Cir.), cert. denied, 113 S.Ct. 2350 (1993). The sentencing guidelines provide that a defendant's offense level may be increased if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1. Examples of obstruction of justice include "suborning or attempting to suborn perjury," and "threatening, intimidating, or otherwise unlawfully influencing" a witness directly or indirectly. U.S.S.G. 3C1.1 comment. (n. 3(a), (b)).
 
 
 5
 Hightower argues that his acts were not done with the conscious purpose of obstructing justice and thus the requirement of willfulness under Sec. 3C1.1 is not met. At sentencing, he testified that much of what he did was an attempt to see his daughter, who lived with Douglas, rather than a threat to Douglas. The district court found Hightower's testimony unbelievable. Because "credibility judgments of witnesses are left to the sound discretion of the district court," United States v. Campbell, 985 F.2d 341, 347 (7th Cir.1993), we will not disturb that finding. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) (fact-finder's choice between two permissible choices cannot be clearly erroneous).
 
 
 6
 Given Hightower's statement to Douglas that either she would have to lie or he would go back to jail, the district court could conclude that Hightower was trying to suborn perjury from Douglas. U.S.S.G. Sec. 3C1.1, comment. (n 3(b)). See United States v. Cherif, 943 F.2d 692, 703 (7th Cir.1991) (obstruction of justice enhancement upheld where the defendant stated in his letter to his girlfriend: "you could not know anything about deals or stock;" and "you know you're innocent and there is no way conceivable that you could know anything about anything"), cert. denied, 112 S.Ct. 1564 (1992); Cf. United States v. Haddad, No. 92-2041, slip op. at 13-29 (7th Cir. Nov. 16, 1993) (obstruction of justice enhancement reversed where there is no factual basis to support that defendant's gestures, made toward his girlfriend during her testimony at the trial, was "intended to suborn perjurious testimony" from her).
 
 
 7
 By a preponderance of the evidence, United States v. Banks, 964 F.2d 687, 692 (7th Cir.), cert. denied, 113 S.Ct. 470 (1992), the district court could find Hightower's acts of intimidation, following Douglas's refusal of the marriage proposal, to be threats to a witness. U.S.S.G. 3C1.1, comment. (n. 3(a)). See United States v. Woods, 976 F.2d 1096, 1103 (7th Cir.1992) (defendant's statement to a woman with whom he was romantically involved, made after his discovery of her cooperation with the government, that "you don't deserve to live, you are evil, and you haven't seen evil until you see what I'm going to do" is sufficient to show willful obstruction of justice).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The defendant-appellant has filed a statement requesting that oral argument be waived. See Fed.R.App.P. 34(a) and Cir.R. 34(f). The court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Id. No one has filed any additional statement and therefore the appeal is submitted on the briefs and record